Donald R. Holben, Esq. (SBN 108401)
Daniel M. DiRe, Esq. (SBN 120523)
DONALD R. HOLBEN & ASSOCIATES, APC
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
Telephone:  (619) 220-5555
Facsimile:   (619) 220-0033
Email:  dmd@sandiegotrialattorneys.com

Attorneys for Plaintiff,
CHRISTOPHER WINN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WINN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP FUSCO, an individual; FRANKLIN R. PECK, an individual; PSG CAPITAL PARTNERS, INC., a California Corporation; AMERICAN MONEY GROUP; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Securities Fraud – Violation of California Corporations Code § 25401**<br>2. **Breach of Fiduciary Duty**<br>3. **Fraud in Violation of Section 10(b) and Rule 10b-5 Thereunder**<br>4. **Fraud in Violation of Section 17(a) of Securities Act**<br>5. **Conversion**<br>6. **Unfair Business Practices (California Business & Professions Code §§ 17200 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff CHRISTOPHER WINN ("Plaintiff") and alleges the following claims for relief against Defendants PHILIP FUSCO ("Fusco");

1

**COMPLAINT FOR DAMAGES**

FRANKLIN R. PECK ("Peck"); PSG CAPITAL PARTNERS, INC., a California Corporation ("PSG"); AMERICAN MONEY GROUP, a California Corporation ("AMG"); and DOES 1 through 10, inclusive; and hereby demands a jury trial; and seeks monetary compensation.

## NATURE OF THE CASE

This is a securities fraud case in which Defendants placed Plaintiff, an unqualified investor, into three separate investments without providing him with an Offering Circular or Private Placement Memorandum beforehand. As a result of those actions, Plaintiff suffered a financial loss.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 17 C.F.R. § 240.10b-5 et al, and it has pendent jurisdiction over the state law claims set forth herein below.

2. Venue is proper in this Court because the complained-of acts occurred within the Central District of California, and at least one Defendant resides within the Central District of California.

## PARTIES

3. Plaintiff is an individual who, at all relevant times in question, resided in the State of Hawaii.

4. Defendant PSG is a corporation organized and existing under the laws of California.

5. Defendant AMG is a corporation organized and existing under the laws of California.

6. Defendant Fusco is an individual who at all relevant times resided in the State of California.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant Fusco is a founder and principal shareholder of Defendant PSG.

/ / /

8. Defendant Peck is an individual who at all relevant times resided in the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Peck is a founder and principal shareholder of Defendant AMG.

10. On information and belief, Plaintiff alleges that, at all relevant times herein, Defendant PSG was acting as and was, in fact, Defendant AMG's agent. (AMG finds opportunities for PSG's investors and then puts them into those investments.)

11. Defendant AMG was acting as Plaintiff's financial advisor and owed Plaintiff a fiduciary duty to act in his best interest in placing him in investments.

12. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants named herein fictitiously as DOES 1 through 10, inclusive, are unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named defendants is in some way liable to Plaintiff, and he therefore sues said defendants by such fictitious names. Specifically, but without limitation, said fictitious defendants include corporations, partnerships, and individuals acting as financial advisors or investment advisors or agents to financial advisors or investment advisors. Plaintiff will amend this Complaint to show the true and correct names and capacities of said fictitiously named defendants when the same have been ascertained. These fictitiously named defendants shall be hereafter referred to collectively with the named defendants as "Defendants."

13. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, were the agents, employees, and representatives of each other, taking the actions alleged herein, and that in so doing they were acting within the scope of their respective authority and agency as such agents, employees, and representatives, and are jointly and severally liable to Plaintiff.

///

# FACTUAL ALLEGATIONS

14. In or about 2017, AMG recommended and facilitated Plaintiff's investment in two separate Trust Deed Investments using PSG as the conduit for those investments.

15. The first Trust Deed Investment AMG recommended, and into which it placed Plaintiff, was secured by a property located at 224 Sea Cliff Drive, in San Francisco, California. Plaintiff remitted to Defendants the sum of $200,000.

16. The second Trust Deed Investment AMG recommended, and into which it placed Plaintiff, was secured by a property located at 2234 Feather Rock Road, in Diamond Bar, California (the "Diamond Bar Investment"). Plaintiff caused to be remitted to Defendants the sum of $235,000.

17. AMG also recommended a third investment, a real estate investment secured by a leasing business ("Leasing Investment"). AMG placed Plaintiff into that investment.

18. Defendants either knew or should have known that Plaintiff was not a "qualified investor" as that term is defined under California law. Plaintiff remitted to Defendants the sum of $175,000.

19. Plaintiff did not know what a Trust Deed Investment was, and he is informed and believes, and thereon alleges, that Defendants knew that he did not know what a Trust Deed Investment was. Plaintiff was simply told by Defendants that he would "be the bank and (he would) get (his) money back with interest."

20. Defendants failed to provide Plaintiff with an Offering Circular or Private Placement Memorandum before placing him in the above referenced investments.

21. Defendants either knew or should have known that Plaintiff was not a qualified investor for these types of investments.

22. The property securing the Diamond Bar Investment Trust Deed was sold in March of 2023. Pursuant to the terms of the Trust Deed, the principal

amount of the investment plus any accrued interest should have been returned to Plaintiff. Plaintiff made repeated attempts to telephone Fusco to ask when his principal and interest would be returned.

23. When Fusco finally returned Plaintiff's call, he advised Plaintiff that his money had been "mistakenly reinvested" into an investment he referred to as "Greenfield." Plaintiff demanded that Fusco return the principal amount of the investment plus any accrued interest. Fusco told Plaintiff yet again that his principal and interest would be returned pursuant to the terms of the Trust Deed. To date, despite repeated demands for repayment, the principal and interest from the Diamond Bar Investment Trust Deed have still not been returned to Plaintiff.

24. Plaintiff also asked Defendants to return the principal amount he had invested in the Leasing Investment along with accrued interest. Defendants have refused to return the principal Plaintiff had invested in the Leasing Investment, or any accrued interest on said investment. Defendants claimed that the monies Plaintiff had invested in the Leasing Investment had been lost. Defendants refused, and continue to refuse, to provide an accounting of where Plaintiff's funds had been invested and what had happened to those funds. As a result of Defendants' actions as set forth above, Plaintiff has suffered substantial financial losses.

## FIRST CLAIM

### Securities Fraud - Violation of California Corporations Code § 25401

### (As Against All Defendants)

25. Plaintiff incorporates and realleges all previous paragraphs, and each and every part thereof, as though set forth at length herein.

26. Defendants offered and sold securities to Plaintiff by means of written or oral communication that included an untrue statement of a material fact or which omitted material facts necessary to make the statements truthful.

/ / /

27. Defendants' failure to provide an Offering Circular or Private Placement Memorandum or any disclosure documents to Plaintiff constitutes an omission of material facts.

28. Plaintiff justifiably relied on Defendants' representations and omissions in deciding to invest in the Trust Deed and the Leasing Investments.

29. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff seeks any and all remedies afforded to him by statute, including damages and/or rescission, and attorney's fees and costs.

## SECOND CLAIM

### Breach of Fiduciary Duty

### (As Against All Defendants)

30. Plaintiff incorporates and realleges all previous paragraphs, and each and every part thereof, as though set forth at length herein.

31. As investment advisors, Defendants owed Plaintiff fiduciary duties of care, loyalty, and good faith.

32. Defendants materially breached their fiduciary duties to Plaintiff, including but not limited to by their actions of: recommending unsuitable investments to Plaintiff; failing to provide him with the necessary disclosures; by placing him in investments for which he was not qualified; making misrepresentations and/or omissions intended to induce Plaintiff to invest in investments for which he was not qualified; failing to reasonably and timely communicate with Plaintiff; misappropriating Plaintiff's funds and refusing to return them to Plaintiff; and/or converting Plaintiff's investments.

33. As a direct and proximate result of Defendants' breach, Plaintiff has suffered special, compensatory, consequential, and incidental damages all in amounts to be proven at trial.

///

34. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered general damages, including anxiety and mental distress, all in an amount to be proven at the time of trial.

35. Pursuant to California Code of Civil Procedure Section 1021.5, Plaintiff seeks to have his attorney's fees and costs borne by Defendants should Plaintiff prevail in this matter. Plaintiff seeks to vindicate substantial public policies which stand to protect the public at large, including the right of consumers and investors to be free from overreaching and fraud committed by persons standing in a fiduciary capacity, and therefore Plaintiff hereby seeks the recovery of his attorneys' fees and costs, including pursuant to the private attorney general theory under this statute.

36. Defendants' conduct was and has been willful, deliberate, despicable and wanton, entitling Plaintiff to the recovery of punitive damages pursuant to California Civil Code Section 3294 against each Defendant in amounts deemed sufficient at trial to punish defendants, and each of them, and to make examples of them thereby. Defendants intentionally acted to fraudulently induce Plaintiff to invest substantial sums of money, and they have failed and refused to return his money to him, knowing the financial and mental hardship to which they have subjected him.

## THIRD CLAIM

**Fraud in Violation of Section 10(b) and Rule 10b-5 Thereunder**

**(As Against All Defendants)**

37. Plaintiff incorporates and realleges all previous paragraphs, and each and every part thereof, as though set forth at length herein.

38. Defendants knew, and/or were reckless in not knowing, that they made materially untrue and misleading misstatements and omissions in the offer and sale of securities to Plaintiff.

///

39. Defendants knew, and/or were reckless in not knowing, that they had misappropriated Plaintiff's funds.

40. By engaging in the conduct described above, Defendants directly or indirectly, in connection with the purchase or sale of securities, by use of the means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

41. By engaging in the conduct described above, Defendants violated and, unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 17 C.F.R. § 240.10b-5 thereunder.

42. As a direct and proximate result of Defendants' actions, omissions, and statutory violations, Plaintiff seeks all forms of relief and compensation available to him, all in amounts to be proven at the time of trial.

## FOURTH CLAIM

### Fraud in Violation of Section 17(a) of the Securities Act

### (As Against All Defendants)

43. Plaintiff incorporates and realleges all previous paragraphs, and each and every part thereof, as though set forth at length herein.

44. By engaging in the conduct described above, Defendants, individually or in concert with others, in connection with the offer or sale of securities, by use of the means or instrumentalities of interstate commerce, or of the mails, or a facility of a national securities exchange, directly or indirectly: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operated or would have operated as a fraud or deceit upon persons.

45. By engaging in the conduct described above, Defendants violated and, unless restrained and enjoined, will continue to violate Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

46. As a direct and proximate result of Defendants' actions and omissions and statutory violations, Plaintiff seeks all other forms of relief and compensation available to him, all in amounts to be proven at the time of trial.

## FIFTH CLAIM

### Conversion

### (As Against All Defendants)

47. Plaintiff incorporates and realleges all previous paragraphs, and each and every part thereof, as though set forth at length herein.

48. As alleged herein above, Plaintiff was wrongfully induced to transfer substantial monies to Defendants under circumstances tantamount to fraud and breach of fiduciary duty. Plaintiff remitted at a minimum the sums of $200,000, $235,000, and $175,000, respectively, for the three "investments." Defendants have been required to and/or requested to return all funds rightfully belonging to Plaintiff, including his investments, promised interest, returns, and profits generated thereby, however Defendants have failed and refused to restore Plaintiff's funds. Plaintiff is informed and believes and thereon alleges that Defendants have wrongfully converted Plaintiff's funds to their own personal use and have thereby committed the tort of conversion.

49. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered special, compensatory, incidental and consequential damages all in amounts to be proven at the time of trial.

///

50. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered general damages, including anxiety and mental distress, all in an amount to be proven at the time of trial.

51. Pursuant to California Code of Civil Procedure Section 1021.5, Plaintiff seeks to have his attorney's fees and costs borne by Defendants should he prevail in this matter. Plaintiff seeks to vindicate substantial public policies which stand to protect the public at large, including the right of consumers and investors to be free from overreaching and fraud committed by persons standing in a fiduciary capacity, and therefore Plaintiff hereby seeks the recovery of his attorneys' fees and costs, including pursuant to the private attorney general theory under this statute.

52. Defendants' conduct was and has been willful, deliberate, despicable, and wanton, entitling Plaintiff to the recovery of punitive damages pursuant to California Civil Code Section 3294 against each Defendant in amounts deemed sufficient at trial to punish defendants, and each of them, and to make examples of them thereby. Defendants intentionally acted to fraudulently induce Plaintiff to invest substantial sums of money, and they have failed and refused to return his money to him, knowing the financial and mental hardship to which they have subjected him.

## SIXTH CLAIM

**Unfair Business Practices**

**(As Against All Defendants)**

53. Plaintiff incorporates and realleges all previous paragraphs, and each and every part thereof, as though set forth at length herein.

54. California law prohibits "unfair competition," which includes any unlawful, unfair, or fraudulent business act or practice. Bus. & Prof. Code § 17200, *et seq*. The reach of this statute is sweeping, and its proscription of "any unlawful, unfair or fraudulent" practice makes plain that "a practice may be

deemed unfair even if not specifically proscribed by some other law." See *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180. Furthermore, California's Unfair Competition Law ("UCL") prohibits any practices forbidden by law, be they civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *South Bay Chevrolet v. General Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861, 880.

55. Defendants' violations of state and federal securities statutes, their breaches of their fiduciary duties, and their conversion of Plaintiff's funds constitute unfair business practices in violation of the UCL.

56. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' unfair business practices, and Defendants have reaped unfair benefits and illegal profits at Plaintiff's expense.

57. Plaintiff is entitled to immediate possession of all amounts owed to him by Defendants, with interest.

58. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for and restore to Plaintiff the funds unlawfully withheld.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For an Order enjoining Defendants, and those persons in active concert or participation with any of them, from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

B. For an Order enjoining Defendants from directly or indirectly, including, but not limited to, through any entity owned or controlled by them, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Fusco or Peck from purchasing or selling securities for their own personal accounts;

**COMPLAINT FOR DAMAGES**

C. For an Ordering requiring Defendants to refund to Plaintiff all amounts invested in the Trust Deed and Leasing Investments set forth above;

D. For compensatory, special, incidental and consequential damages according to proof;

E. For general damages according to proof;

F. For punitive damages according to proof;

G. For pre-judgment and post-judgment interest as provided by law; and

H. For such other and further relief as the Court deems just and proper.

Dated: November 12, 2024     DONALD R. HOLBEN & ASSOCIATES, APC

By: _____
Daniel M. DiRe, Esq.
Attorney for Plaintiff,
CHRISTOPHER WINN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 12, 2024     DONALD R. HOLBEN & ASSOCIATES, APC

By: _____
Daniel M. DiRe, Esq.
Attorney for Plaintiff,
CHRISTOPHER WINN